UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


WILMA M. PENNINGTON-THURMAN,    )
                                )
              Plaintiff,        )
                                )
         v.                     )    No. 4:09CV154 FRB
                                )
AT&T,                           )
                                )
              Defendant.        )


                        **MEMORANDUM AND ORDER**

       Presently pending before the Court is defendant AT&T's Motion to Dismiss Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure or, in the Alternative, Motion for Summary Judgment (Doc. #8). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

       Plaintiff brings this cause of action, pro se, alleging that her employer unlawfully terminated her employment on account of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. (ADEA). Defendant AT&T now seeks to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. In the alternative, defendant moves for summary judgment, contending that it is entitled to judgment as a matter of law on plaintiff's Complaint inasmuch as plaintiff agreed to dismiss this action pursuant to a valid and enforceable Release and Agreement. Plaintiff has responded to the motion, to which defendant

has replied. Because the undisputed evidence before the Court shows plaintiff to have released all claims of discrimination against defendant, defendant is entitled to summary judgment on plaintiff's claim of age discrimination, and the instant Complaint should be dismissed.

**I. Evidence Before the Court on the Motion**

From April 27, 1999, through July 9, 2007, plaintiff worked for three subsidiaries of AT&T, Inc. Specifically, from April 27, 1999, through June 10, 2000, plaintiff worked as a Sales Agent for SBC Operations, Inc., now known as AT&T Operations, Inc.; from June 11, 2000, through December 17, 2005, plaintiff worked as a Service Representative for Advanced Solutions, Inc.; and from December 18, 2005, through July 9, 2007, plaintiff worked as a Service Representative for Southwestern Bell Telephone Company. (Doc. #11, LaFaver Affid. at para. 5.) Plaintiff's notice of termination was directed to her from "AT&T" and informed plaintiff that "[a]s of this date of your termination [July 9, 2007], AT&T employed you as a Service Representative in Earth City, Missouri." (Doc. #14, Exh. A.) In this notice of termination, plaintiff was informed that she was being discharged from her employment for misconduct. (Id.)

On or about July 11, 2007, plaintiff filed a formal grievance against Advanced Solutions, Inc. (Doc. #11, LaFaver Affid. at para. 6.) On April 30, 2008, plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission (EEOC), in which she alleged

that her employer, AT&T, unlawfully terminated her employment on July 9, 2007, on account of her age. (Doc. #1-2, Compl., Attch.)  On October 28, 2008, the EEOC dismissed plaintiff's Charge of Discrimination and issued a Notice of Right to Sue. (<u>Id.</u>)  Plaintiff filed the instant cause of action in this Court on January 22, 2009, naming AT&T as defendant.

On March 2, 2009, plaintiff and Southwestern Bell executed a Release and Agreement wherein, in exchange for consideration of settlement, plaintiff agreed to "take all necessary steps to withdraw any and all pending grievances, arbitrations, lawsuits, charges or complaints which s/he might have relating to her/his employment with SOUTHWESTERN BELL."  (Doc. #11, LaFaver Affid., Release & Agreement at para. 2.)  For purposes of the Release and Agreement, "the phrase SOUTHWESTERN BELL . . . include[d], but [was] not limited to, AT&T Inc., Southwestern Bell Telephone Company, Advanced Solutions Inc., and all of their respective subsidiaries, affiliates, successors and assigns[.]"  (<u>Id.</u> at intro.)  Pursuant to the Release and Agreement, plaintiff  agreed to:

> release[], hold[] harmless and forever discharge[] SOUTHWESTERN BELL from any and all claims and demands s/he has or may have against SOUTHWESTERN BELL as of the date of this agreement, including, but not limited to, and whether or not arising out of or relating to, any and all claims relating to the terms and conditions of employment between the parties hereto and released hereby, and whether or not arising under or relating to any and all local, state or federal laws and further including, without limiting the generality of the above, any and all claims arising under . . . the Age

>     Discrimination in Employment Act, . . . all
>     state and local employment or labor laws, and
>     any other statute or law which may be applicable
>     to the claims herein.

(Id. at para. 6.)

## II. Discussion

An employee's waiver of rights to bring an ADEA claim in exchange for a settlement agreement is valid when such waiver is knowing and voluntary. Parsons v. Pioneer Seed Hi-Bred Int'l, Inc., 447 F.3d 1102, 1104 (8th Cir. 2006). Congress enacted specific statutory requirements, however, that must be met before the waiver can bind the employee. Id.; 29 U.S.C. § 626(f) ("An individual may not waive any right or claim under this chapter unless the waiver is knowing and voluntary. . . . [A] waiver may not be considered knowing and voluntary unless at a minimum" it satisfies a list of requirements.). An employee is considered not to have waived an ADEA claim unless the employer complies with the statute. Oubre v. Entergy Operations, Inc., 522 U.S. 422, 427 (1998).

A review of the Release and Agreement in toto shows it to comply in all respects with 29 U.S.C. § 626(f). (Doc. #11, LaFaver Affid., Release & Agreement.) In addition, plaintiff raises no contention that her execution of the Release and Agreement was not knowing or voluntary. Because the waiver meets the statutory requirements, and plaintiff does not challenge the knowing and voluntary nature of her agreement thereto, plaintiff's ADEA claim raised in the instant Complaint is precluded by her waiver. As such,

defendant is entitled to judgment as a matter of law on plaintiff's claim. Parsons, 447 F.3d at 1106.

Accordingly,

**IT IS HEREBY ORDERED** that defendant AT&T's Motion to Dismiss Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure or, in the Alternative, Motion for Summary Judgment (Doc. #8) is granted to the extent defendant seeks summary judgment on plaintiff's claim of age discrimination, and denied in all other respects.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Have the Court to Proceed to Hear Age Discrimination Charge Against AT&T (Doc. #15) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion to Strike Plaintiff's Amended Employment Discrimination Complaint (Doc. #17) is denied.

Judgment shall be entered accordingly.

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this *8th* day of February, 2010.